**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

MARIBEL REYES SANTANA for
herself and all those similarly
situated,

      Plaintiffs,

    v.

COUNTY OF WAYNE by its BOARD
OF COMMISSIONERS also sometimes
known as CHARTER COUNTY
OF WAYNE by its BOARD OF
COMMISSIONERS,

     and

ERIC R. SABREE, in his official and
personal capacity,

      Defendants.

_____/

Case No. 22
Hon. _____

**COMPLAINT**
**(JURY DEMAND)**

**\*\* CLASS ACTION \*\***

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Maribel Reyes Santana aka Maribel Reyes, both individually

and as representatives of a class of those individuals and entities similarly

situated in Wayne County, Michigan, by and through counsel, LEGAL

WARRIORS PLLC, make the following complaint against Defendants

County of Wayne by its Board of Commissioners  also  sometimes  known

as  Charter of Wayne by its Board of Commissioners and Treasurer, Eric

R. Sabree, and states as follows:

## **PARTIES, JURISDICTION AND VENUE**

1.     This is a case of governmental abuse through the implementation of a tax foreclosure process by Defendant County of Wayne.

2.     The county works through and / or in concert with its treasurer Eric R. Sabree and his predecessor(s), who have illegally seized property in the form of excess/surplus equity from private individuals and entities without just compensation.

3.     Michigan law authorizes Michigan counties, like Wayne County, to foreclose on parcels in order to satisfy outstanding unpaid property taxes. But the defendant county and its officials abuse this process through its implementation of the process.

4.      Wayne County does not simply foreclose on the parcel, sell it, and retain the amount of outstanding taxes plus reasonable fees.  They systematically fail to return any surplus to the property owner.

5.     Indeed, they generally foreclose, sell the property at a reduced amount, and keep the proceeds and excess/surplus equity for itself.

6.     As a result of Wayne County's implementation of the foreclosure process, property owners lose the entire value of their property, which is often more than the outstanding tax bills.

7.     As implemented, Wayne County's conduct constitutes a violation of

the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and a violation of Article X, Section 2 of the Michigan Constitution; and an impermissible inverse condemnation under Michigan law.

8.    Plaintiff Maribel Reyes Santana is named here directly and as a proposed class representative by being the former owner of real improved property in Wayne County, Michigan which was foreclosed upon due to a tax delinquency but was injured by the described unconstitutional acts or actions of the defendants via their unconstitutional retention of surplus or excess equity.

9.    Defendant Wayne County by its Board of Commissioners (hereinafter "Wayne County") is a named legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by its duly designated Board of Commissioners.

10.    Defendant Eric R. Sabree is a public official serving as the duly elected county treasurer of Wayne County, Michigan; and he is being sued in his official capacity.

11.    Defendant Eric R. Sabree, as Wayne County Treasurer, and his predecessor Treasurers, are the Foreclosing Governmental Entity (FGE) for Wayne County by the affirmative and voluntary

decision of Defendant Wayne County pursuant to MCL 211.78.

12.     This civil action is brought seeking "just compensation" and other monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and parallel Michigan Constitution.

13.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which authorizes federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

14.     Venue is proper in this Court as Defendants, individually and collectively, systematically conduct business or have conducted their business within the Eastern District of Michigan.

**GENERAL ALLEGATIONS**
**MICHIGAN'S TAX FORECLOSURE PROCESS**

15.     Michigan law provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

16.     This case challenges the implementation of the process that involves what occurs after the taxation process is completed by a foreclosure

4

sale and excess or surplus equity remains after the county is paid in full for all delinquent taxes, interest, penalties, and fees.

17.    Defendant Wayne County administers a foreclosure-and-auction process that regularly results in the selling of a parcel of land at auction (often times for far less than its fair market value), yet Wayne County retains the entire amount of the proceeds.

18.    Furthermore, even if the sale proceeds exceed the amount of the delinquent taxes, Wayne County does not return any of the excess to the former property owner or provide "just compensation" for that portion of the equity destroyed by underselling the parcel.

19.    In other words, the equity of the property owner is taken, without just compensation, by a process of systematic selling under the fair market value of the property.

20.    As used in this complaint, "Equity" means the amount by which a property's fair market value exceeds the tax delinquency.

21.    As used in this complaint, "fair market value" means is defined as the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

22.    As used in this complaint, "tax delinquency" means the past due

property tax owed on a parcel of real property plus additional compounding interest, fees, penalties, and costs.

## GENERAL ALLEGATIONS

### *The Reyes Property*

23.     Plaintiff Maribel Reyes Santana was the owner of the real property commonly known as 5652 Cabot, Detroit, Michigan, being Parcel No. 20007863 (hereinafter the "Reyes Property").

24.     The Reyes Property was titled in the name of Heriberto Reyes who died on June 25, 2001. Prior to his death, he conveyed the property to his wife by way of a Judgment of Divorce.

25.     On or around March 1, 2013, and again on March 1, 2014, the Reyes property was forfeited to the Wayne County Treasurer, Defendant Eric R. Sabree, as the duly elected treasurer, for property taxes owed for 2011 and 2012.

26.     On March 20, 2015, Defendant Eric R. Sabree, as Treasurer of Wayne County successfully petitioned for and seized ownership of Reyes Property through a judgment of foreclosure in Civil Action No. 14-007672-CH in the Wayne County Circuit Court, on behalf of Defendant Wayne County.

27.     At the time of the foreclosure sale, the property had a fair market value of at least $35,000.00.

6

28.     Upon information and belief, on behalf of Defendant Wayne County, Defendant Eric R. Sabree sold the Reyes Property at tax auction to a private buyer for $7,000.00.

29.     The sale price for the Reyes Property was far below the fair market value but far above the Tax Delinquency, which was only $319.64.

30.     The Defendants seized Plaintiff's Equity in the Reyes Property by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to her.

31.     Neither Defendant Wayne County nor Defendant Eric R. Sabree afforded any process, plan, or legal mechanism for Plaintiff to seek or achieve the return of the Equity seized above the tax delinquency.

32.     Thus, the Defendants took or destroyed all of Plaintiff's Equity in the Reyes Property.

33.     The Defendants refused and continue to refuse to pay just compensation for Plaintiff's Equity in the Reyes Property. These Defendants also have failed to provide any mechanism at all for any such compensation.

34.     Neither the Defendant Wayne County nor Defendant Eric R. Sabree initiated any condemnation action or process for Plaintiff's Equity in the Reyes Property.

35.     In addition to the Reyes Property, these Defendants have, in an identical fashion as outlined above, seized other pieces of real property within Wayne County from other individuals and entities similarly situated.

**GENERAL ALLEGATIONS**
**UNLAWFUL GOVERNMENTAL POLICY BY COUNTY**

36.     The actions described herein is a policy, custom, and/or practice of Defendant Wayne County and its policymakers and implementors.

37.     This voluntary policy and/or practice of Defendant Wayne County is governmental action sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

38.     Specifically, Defendant Wayne County made the affirmative, voluntary, and discretionary decision to follow a pattern or practice of selecting and designating its duly elected treasurer to act as the Foreclosing Governmental Entity. See MCL 211.78(3)- (6).

39.     Moreover, Defendant Wayne County, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision- making authority has administered the County's foreclosure and auction process generally, including MCL 211.78m(8), so that after the County sells a parcel at auction, the County retains the entire amount of the proceeds, even if the proceeds

exceed the amount of the Tax Delinquency, and never returns anything to the property owner, nor provides any mechanism by which the property owner can secure a return of his, her, or its Equity.

40.    Accordingly, the actions are pursuant to an official county policy for purposes of *Monell* doctrine liability of a municipality.

41.    The General Property Tax Act, and specifically MCL 211.78m(8), does not require the practices that Plaintiffs complain of here. Rather, the Act can be fairly read to provide for Equity to be returned to the previous owner of a foreclosed property before the resulting funds are allocated.

42.    In the alternative, the Act, and in particular MCL 211.78m(8), are inherently unconstitutional as implemented: if the Act requires Defendants' conduct as set forth herein, then, the Act violates the Michigan and United States Constitutions for all of the reasons that Defendants' conduct violates them.

43.    The actions of Defendants were designed to intentionally or wantonly cause harm to Plaintiffs and the proposed class due to the utter disregard of Plaintiffs' and the class' constitutionally protected rights.

## CLASS ALLEGATIONS

44.    This action is brought by Plaintiffs, individually and on behalf of all other individuals and entities during the relevant statutorily-limited time period who were subject to the same unconstitutional processes by

Defendants County of Wayne and/or Eric R. Sabree which resulted in the taking and/or unconstitutional forfeiture of their surplus or excess Equity.

45.    The proposed class consists of all the owners of real property in Wayne County, Michigan whose real property, during the relevant time period, was seized through a real property tax foreclosure by Defendant County of Wayne and/or Defendant Eric R. Sabree and his predecessor(s), which was worth and/or sold at tax auction for more than the total Tax Delinquency and was not refunded the excess Equity.

46.    The number of persons who have been injured by the practices discussed herein is sufficiently numerous to make class action the most practical method to secure redress for the injuries sustained and to provide class wide equitable relief.

47.    There are clear questions of fact raised by the named Plaintiffs' claims common to, and typical of, those raised by the class they seek to represent, including:

> a. Defendant Wayne County and its treasurer is and has been acting to voluntarily enforce an unconstitutional but locally administered statute which it has willingly assumed to undertake pursuant to its discretion under MCL 211.78;
>
> b. each class member's property, prior to foreclosure, was worth and was sold for more than the total Tax Delinquency owed to

Defendant Wayne County and/or its treasurer;

c.  each class member's property had a fair market value greater than the total Tax Delinquency owed to Defendant Wayne County and/or its treasurer;

d.  Defendant Eric R. Sabree usurped thousands of dollars of Equity when selling each class member's property at a highly reduced, below fair market value price;

e.  Defendant Eric R. Sabree then kept the excess sales proceeds (i.e. the difference between the tax sale price and the total tax delinquency owed) for the benefit of Defendant Wayne County; and Defendant Eric R. Sabree refuses to pay just compensation, failed to initiate any form of condemnation proceedings, or has failed to have or undertake a process to return the surplus Equity.

48.   There are clear questions of law raised by the named Plaintiffs' claims common to, and typical of, those raised by the class they seek to represent, including:

a.  whether MCL 211.78m forbids the defendants from returning Equity to class members;

b.  whether, if MCL 211.78m does entail such a prohibition, the statute is facially unconstitutional;

c.  whether the defendants committed an unconstitutional taking by

refusing to pay just compensation when seizing Equity beyond the amount of unpaid taxes and administrative expenses, costs and interest owed in a tax delinquency, and have appropriated property in the form of excess or surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and

d. whether Defendants committed an inverse condemnation by destroying equity via the seizure process and/or the later sale of property at a highly reduced, below fair market price and then retaining the remaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h); and

e. if deemed a forfeiture, whether Defendants violated either the Excessive Fines Clause of the United States Constitution by retaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h);

49.    The violations of law and resulting harms alleged by the named Plaintiffs are typical of the legal violations and harms suffered by all class members.

50.     Plaintiffs, as class representatives, will fairly and adequately protect the interests of the class members and will vigorously prosecute the suit on behalf of the class; and is represented by highly experienced counsel.

51.     The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the class and/or one or both of Defendants.

52.     Defendants have acted, failed to act, and/or are continuing to act on grounds generally against Plaintiffs and all members of the class in the same manner.

53.     The violations of law and resulting harms alleged by the named Plaintiffs are typical of the legal violations and harms suffered by all class members.

**COUNT I**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983**
**(AGAINST ALL DEFENDANTS)**

54.     The foregoing paragraphs are hereby incorporated by reference as if restated word for word herein.

55.     This claim is being made against both Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

56.    The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by the defendants. See *Knick v Township of Scott*, 139 S.Ct. 2162 (2019).

57.    Defendants have taken Plaintiffs' and the class members' property interests in the form of Equity – that is the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

58.    Defendants have refused to take any action for the payment of just compensation for their seizure of Equity from Plaintiffs and the class.

59.    By Defendants' refusal to take any action for the payment of just compensation at the time of the taking, Defendants have deprived Plaintiffs and the class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

60.    The taking of Plaintiffs' and the class' property also violates 42 U.S.C. § 1983 and § 1988. Plaintiffs and the class are entitled to all relief provided by these statutes.

61.    Defendants have not paid just compensation.

62.    Defendants will not now pay just compensation.

63. Defendants do not intend to pay just compensation in the future.

64. Plaintiffs and the class have been injured and have suffered damages.

**COUNT II**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**"ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT**
**(AGAINST ALL DEFENDANTS)**

65. The foregoing paragraphs are hereby incorporated by reference as if restated word for word herein.

66. This claim is being made against all Defendants under the Fifth Amendment directly in the alternative to Count I.

67. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings undertaken by Defendants.

68. Defendants have taken Plaintiffs' and the class members' property interests in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

69.     Defendants have refused to take any action for the payment of just compensation for their seizure of Equity from Plaintiffs and the class.

70.     By Defendants' refusal to take any action for the payment of just compensation at the time of the taking, Defendants have deprived Plaintiffs and the class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus the violation can be remedied by a direct claim under the Fifth Amendment.

71.     Defendants have not paid just compensation.

72.     Defendants will not now pay just compensation.

73.     Defendants do not intend to pay just compensation in the future.

74.     Plaintiffs and the class have been injured and have suffered damages.

**COUNT III**
**STATE LAW – INVERSE CONDEMNATION**
**(AGAINST WAYNE COUNTY AND**
**ERIC R. SABREE IN HIS OFFICIAL CAPACITY)**

75.     The foregoing paragraphs are hereby incorporated by reference as if restated word for word herein.

76.     Defendants have taken Plaintiffs' and the class members' property interests in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have

appropriated this property for public use without the payment of just compensation.

77.    Defendants have done so without using any direct condemnation processes, including those outlines under the Uniform Condemnation Procedures Act, MCL 213.51, et seq..

78.    Defendants have not and will not provide Plaintiffs and the class members any opportunity to claim the Equity in their properties after the seizure and/or later sale of their respective property, nor do Defendants provide or have a process for Plaintiffs and the class members to claim compensation at the time Defendants seized title to their taken property interests.

79.    Defendants have not paid just compensation.

80.    Defendants will not now pay just compensation.

81.    Defendants do not intend to pay just compensation in the future.

82.    An inverse condemnation with damages has occurred.

83.    Plaintiffs and the class have been injured and have suffered damages.

**COUNT IV**
**STATE LAW – VIOLATION OF MICHIGAN CONSTITUTION**
**ARTICLE X, SECTION 2**
**(AGAINST WAYNE COUNTY AND ERIC R.**
**SABREE IN HIS OFFICIAL CAPACITY)**

84.  The foregoing paragraphs are incorporated by reference as if

restated word for word herein.

85.    Defendants have taken Plaintiffs' and the class members' property interest in the form of Equity – that is, the value of their properties to the extent they exceed the properties' Tax Delinquencies – and have appropriated or converted this property for public use without the payment of just compensation.

86.    Defendants have done so without any direct condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51 et seq and in violation of Article X, Section 2 of the Michigan Constitution.

87.    Defendants have not and will not provide Plaintiffs and the members of the class any opportunity to claim their Equity after the seizure and/or later sale of their respective property, nor do Defendants provide or have a process to claim compensation at the time Defendants seized title to their taken property interests.

88.    Defendants have not paid just compensation.

89.    Defendants will not now pay just compensation.

90.    Defendants do not intend to pay just compensation in the future.

91.    Plaintiffs and the class have been injured and have suffered damages.

**COUNT V**
**VIOLATION OF THE EIGHTH AMENDMENT**
**42 USC § 1983**
**(AGAINST ALL DEFENDANTS)**

92.     The foregoing paragraphs 1-91 are hereby incorporated by reference herein as if fully restated word for word herein.

93.     This Count is pled to the extent that Defendants argue or assert that Plaintiffs or any class members "forfeited" or, as it is sometimes described, "relinquished" property pursuant to the Act.

94.     The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from imposing excessive fines, which the US Supreme Court has applied to action(s) involving forfeitures.

95.     The Fourteenth Amendment applies to the Eighth Amendment to states and state actors such as Defendants.

96.     By imposing and retaining an excessive fine in the form of the forfeiture of value of the Equity interest in property in excess of the Tax Delinquency, Plaintiffs' and the class members' Eighth Amendment rights have been violated. See *Austin v. United States*, 509 U.S. 602 (1993).

97.     Defendants' retention of the Equity, which by definition is exclusive of the Tax Delinquency, is punitive and not remedial.

98.    The conduct of Defendants was reckless and undertaken with complete indifference to Plaintiffs' and the class members' federal rights to be free from violations of the Eighth Amendment to the United States Constitution.

99.    Said actions violate the Eighth Amendment to the United States Constitution and are remedied by a money judgment against Defendants pursuant to 42 USC § 1983 and § 1988.

100.   Plaintiffs and the class have been injured and have suffered damages.

## **RELIEF REQUESTED**

101.   WHEREFORE, Plaintiff Maribel Reyes Santana respectfully requests this Court to enter an order:

a.    certifying this case as a class action;

b.    appoint attorney Lillian F. Diallo of Legal Warriors, PLLC, as class counsel;

c.    declaring the conduct of Defendants as being unconstitutional under the federal and state constitutions, even if being undertaken consistent with the General Property Tax Act;

d.    for an award of any and all damages available under federal law as applicable, including but not limited to an award of nominal and punitive damages as is deemed proper against one or both

Defendants in their relevant capacities;

e.      for an award of interest as provided in *Knick v Township of Scott*; for an award of attorney fees and expenses pursuant to all applicable laws, rules, and statutes; and

f.      for all such other legal and equitable relief which the Court deems proper.

## JURY DEMAND

For all issues so triable, Plaintiffs hereby request a trial by jury.

Respectfully submitted,

_____
Lillian F. Diallo (P52036)
Legal Warriors, PLLC
Attorneys for Plaintiffs
500 Griswold St, Suite 2340
Detroit, MI 48226
(313) 965-6633
lilliandiallo@sbcglobal.net

Date: October 5, 2022