# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARIBEL REYES SANTANA,

        Plaintiff,

v.

WAYNE COUNTY and WAYNE
COUNTY TREASURER,

        Defendants.

Case No. 2:22-cv-12376

Honorable Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

---

## DEFENDANTS' MOTION TO DISMISS

Defendants move this Court for an Order dismissing Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

In accordance with LR 7.1(d), on December 21, 2022, Defendants' counsel contacted Plaintiff's counsel to explain in writing the nature of this Motion and its legal basis, and to request concurrence in the relief sought. Plaintiff's counsel did not respond. Thus, despite the reasonable and timely efforts specified herein, Defendants were unable to conduct a conference.

WHEREFORE, Defendants request that this Court grant this Motion and enter an Order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ *Theodore W. Seitz*
    Theodore W. Seitz (P60320)
    Nasseem S. Ramin (P73513)
    *Attorneys for Defendants*
    400 Renaissance Center, 37th Floor
    Detroit, MI 48243
    (313) 568-6800
    tseitz@dykema.com
    nramin@dykema.com

Dated:  December 28, 2022

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARIBEL REYES SANTANA,

       Plaintiff,

v.

WAYNE COUNTY and WAYNE
COUNTY TREASURER,

       Defendants.

Case No. 2:22-cv-12376

Honorable Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... ii

STATEMENT OF ISSUES PRESENTED................................................... iv

MOST CONTROLLING AUTHORITY ...................................................... v

INTRODUCTION .......................................................................................... 1

BACKGROUND .......................................................................................... 1

STANDARD OF DECISION ...................................................................... 3

ARGUMENT ............................................................................................... 4

I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS, AS CONFIRMED BY *HALL*. ........................................ 4

II.    *HALL* ALSO REQUIRES DISMISSAL OF PLAINTIFF'S INVERSE CONDEMNATION CLAIM. ...................................................................... 5

III.   PLAINTIFF'S EIGHTH AMENDMENT CLAIM ALSO FAILS UNDER *HALL*. ............................................................................................ 5

IV.   THE TREASURER IS ENTITLED TO SOVEREIGN IMMUNITY. ........... 6

CONCLUSION ............................................................................................ 9

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

i

# TABLE OF AUTHORITIES

CASES

*Arkona, LLC v. Cty. of Cheboygan*,
   2021 U.S. Dist. LEXIS 8202 (E.D. Mich. Jan. 15, 2021) ...................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................3, 4

*Brotherton v. Cleveland*,
   173 F.3d 552 (6th Cir. 1999) ..............................................................................7

*Cady v. Arenac Cty.*,
   574 F.3d 334 (6th Cir. 2009................................................................................6, 7

*Fox v. Cty. of Saginaw*,
   2021 U.S. Dist. LEXIS 6402 (E.D. Mich. Jan. 13, 2021) ...................................9

*Freed v. Thomas*,
   2018 U.S. Dist. LEXIS 190424 (E.D. Mich. Nov. 7, 2018)................................8

*Freed v. Thomas*,
   2021 U.S. Dist. LEXIS 48524 (E.D. Mich. Feb. 26, 2021)................................9

*Grainger v. Cty. of Ottawa*,
   2021 U.S. Dist. LEXIS 38472 (W.D. Mich. March 2, 2021)..............................9

*Hall v. Meisner*,
   51 F.4th 185 (6th Cir. 2022) ....................................................................3, 4, 5, 6

*Hall v. Meisner*,
   565 F. Supp. 3d 953 (E.D. Mich. 2021) ...........................................................5, 6

*Kentucky v. Graham*,
   473 U.S. 159 (1985)............................................................................................6

*Ladd v. Marchbanks*,
   971 F.3d 574 (6th Cir. 2020) ..............................................................................8

*McNeil v. Cmty. Prob. Servs., LLC*,
   945 F.3d 991 (6th Cir. 2019) ..............................................................................8

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*Monell v. New York City Dep't. of Soc. Servs.*,
  436 U.S. 658 (1978)................................................................9

*O'Shea v. Littleton*,
  414 U.S. 488 (1974).................................................................3

*Rafaeli, LLC v. Oakland Cty.*,
  505 Mich. 429 (2020) ...........................................................6, 8

*Wayside Church v. Van Buren Cty.*,
  2021 U.S. Dist. LEXIS 52975 (W.D. Mich. Feb. 16, 2021) ...............9

*Wolfe v. Perry*,
  412 F.3d 707 (6th Cir. 2005) ..................................................4

## RULES

Rule 12(b)(6)......................................................................3, 9

## STATUTES

42 U.S.C. § 1983 ..................................................................4, 5

MCL 211.1 *et seq.*..................................................................1

MCL 211.78 *et seq.*...............................................................1

MCL 211.78k(6) ....................................................................2

MCL 211.78m(8) ...................................................................7

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## STATEMENT OF ISSUES PRESENTED

Whether Plaintiff's claims fail as a matter of law because: (1) the federal takings claims (Counts 1 & 2) are barred by the statute of limitations; (2) the inverse condemnation and excessive fine claims (Counts 3 & 5) fail, as confirmed by the Sixth Circuit Court of Appeals' recently published decision in *Hall v. Meisner*; (3) the state law takings claim (Count 4) is one "for the Michigan courts to decide"; and (4) the Wayne County Treasurer is entitled to immunity?

Defendants answer: YES

Plaintiff would answer: NO

This Court should answer: YES

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## <u>MOST CONTROLLING AUTHORITY</u>

Defendants rely generally on the Michigan General Property Tax Act, MCL 211.1 *et seq*.; *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022); and the additional authorities cited in their brief.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# INTRODUCTION

After Plaintiff Maribel Reyes Santana failed to pay her property taxes, the Office of the Wayne County Treasurer foreclosed on her property in compliance with the Michigan General Property Tax Act ("GPTA" or the "Tax Act"), MCL 211.1 *et seq*. Plaintiff lost all right and title to the subject property in 2015. Seven years later, Plaintiff now asserts that the foreclosure was improper.

All of Plaintiff's claims fail as a matter of law. The claims for monetary damages are barred by the applicable statute of limitations and otherwise fail under binding, published authority from the Sixth Circuit Court of Appeals. Moreover, the current (and any former) County Treasurers are entitled to immunity in their professional capacities.

This Honorable Court should grant this Motion and dismiss Plaintiff's claims with prejudice.

# BACKGROUND

This case is one of many brought in state and federal courts, challenging tax foreclosures conducted by Michigan counties in accordance with the Tax Act,[1] a

---

[1] Under the Tax Act, on March 1 of each year, all unpaid property taxes from the prior year are "returned delinquent" to the county treasurer for collection, and tax-collection procedures begin. MCL 211.78 *et seq*. Multiple notices—both of delinquency and of potential foreclosure—must be provided to the owner. *Id*. § 211.78f. And if, after these notices, the owner still fails to pay the taxes owed, the property is relinquished subject to foreclosure and the right of redemption. *Id*. § 211.78g(1). If the county chooses foreclosure, the treasurer must file a petition for

1

process that takes years to complete. At issue here is a residential property located at 5652 Cabot Street, in Detroit (the "Property"). *See* ECF No. 1, PageID.6.

### *The Tax Foreclosure*

Plaintiff failed to pay outstanding property taxes on the Property and, as a result, Wayne County initiated foreclosure proceedings. *Id.* at PageID.3, 6. The Wayne County Circuit Court entered a Judgement of Foreclosure in favor of the Wayne County Treasurer on March 20, 2015. *Id.* at PageID.6.

Plaintiff did not avail herself of the statutory redemption period, and thus absolute fee simple title to the Property vested to the Treasurer. MCL 211.78k(6).

### *Plaintiff's Complaint*

In October 2022, more than seven years after the tax foreclosure, Plaintiff filed this Complaint, seeking to represent a class of allegedly similarly-situated former homeowners and asserting the following five claims against Defendants: (1) taking under the U.S. Constitution (Counts I and II); (2) inverse condemnation (Count III); (3) taking under the Michigan Constitution (Count IV); and (4) excessive fine, in violation of the Eighth Amendment of the U.S. Constitution (Count V). *See generally,* ECF No. 1. Plaintiff asserts that Defendants have "illegally seized property in the form of excess/surplus equity from private individuals and

---

foreclosure in a Michigan trial court. *Id*. § 211.78(h). Following a hearing and additional process, the court will award the county fee simple title to the property if it is not redeemed by a certain date. *Id*. § 211.78k(6).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

entities without just compensation," and seeks to have this case proceed as a class action. *Id.* at PageID.2, 3, 9.[2]

### *The Sixth Circuit's Decisions in Hall v. Meisner*

Since the filing of this Complaint, the Sixth Circuit decided *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022) and held, among other things, that: (1) any alleged federal taking following tax foreclosure occurs at the time of the foreclosure judgment; (2) federal courts should abstain from ruling on state law takings claims in this context, as that "is an issue for the Michigan courts to decide"; (3) dismissal of Eighth Amendment excessive fines, procedural due process, substantive due process, and unjust enrichment claims is proper; and (4) state law inverse condemnation claims are subject to dismissal when "the County has already taken title" to the subject property. *Id.* at 196-97.

### STANDARD OF DECISION

This Motion to Dismiss is premised on a failure to state a claim. Under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[2] Plaintiff's attempt to bring a class action fails because she is an inadequate class representative first because, as explained herein, her claims are barred by the statute of limitations and otherwise fail as a matter of law. Without any viable claims, Plaintiff cannot represent a class. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

678 (2009). Two "working principles" underlie the Rule's pleading requirements. *Id.* "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## ARGUMENT

### I.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS, AS CONFIRMED BY *HALL*.

The federal takings claims (Counts I and II) are barred by the three-year statute of limitations for claims under 42 U.S.C. § 1983. *See, e.g., Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (noting that the appropriate statute of limitations "for § 1983 actions arising in Michigan is the state's three-year limitations period[.]"). In *Hall*, the Sixth Circuit held that a federal takings claim begins to accrue when the County takes absolute title to property. 51 F.4th at 196. The Sixth Circuit thus made clear that any taking occurs (and, consequently, the limitations period begins to run) at the time of the foreclosure judgment.

Here, Plaintiff concedes that the Circuit Court entered a Judgement of Foreclosure on March 20, 2015. (ECF No. 1, PageID.6). Thus, the time to bring any federal takings claim expired on March 20, 2018. The filing of this Complaint—more than seven years after the foreclosure judgment—renders any potential takings

claims under the United States Constitution untimely given the three-year limitations period that applies to takings claims under 42 U.S.C. § 1983. Counts I and II should be dismissed.[3]

## II.   *HALL* ALSO REQUIRES DISMISSAL OF PLAINTIFF'S INVERSE CONDEMNATION CLAIM.

Plaintiff's inverse condemnation claim (Count III) fails because Plaintiff does not have any right or title to the Property. The Sixth Circuit recently held that "the dismissal of the plaintiffs' inverse-condemnation claim [] was proper because the County has already taken title to their properties." *Hall*, 51 F.4th at 196. The same is true here. Plaintiff lost all right and title to the Property on March 20, 2015, when the Wayne County Circuit Court entered a Judgement of Foreclosure in favor of the Wayne County Treasurer. (ECF No. 1, PageID.6). Thus, as in *Hall*, Plaintiff's inverse condemnation claim fails and should be dismissed because she lost title to the Property more than seven years ago.

## III.   PLAINTIFF'S EIGHTH AMENDMENT CLAIM ALSO FAILS UNDER *HALL*.

As explained by the district court and affirmed by Sixth Circuit in *Hall v. Meisner*, the purpose of the Eighth Amendment is "to limit government's power to punish." *Hall v. Meisner*, 565 F. Supp. 3d 953, 974 (E.D. Mich. 2021). "Thus, when

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

---

[3] *Hall* also requires dismissal of Count IV because federal courts should abstain from ruling on state law takings claims in this context, as that "is an issue for the Michigan courts to decide." 51 F.4th at 196.

analyzing government actions under the Excessive Fines Clause, the issue is 'whether it is punishment.'" *Id*. The Michigan Supreme Court also addressed this issue in *Rafaeli, LLC v. Oakland Cty.*, 505 Mich. 429 (2020), and found that the GPTA "is not punitive in nature. Its aim is to encourage the timely payment of property taxes and to return tax-delinquent property to their tax-generating status, not necessarily to punish property owners for failing to pay their property taxes." *Id*. at 449 (internal quotations and citations omitted).

Indeed, District Courts have "unanimously rejected" claims that the "forfeiture of proceeds/equity in foreclosed property is punitive in nature and therefore governed by the Excessive Fines Clause." 565 F. Supp. 3d at 975 (collecting cases, internal quotations and citations omitted). Relying on this reasoning, the Sixth Circuit in *Hall* affirmed dismissal of the plaintiffs' Eighth Amendment claims. 51 F.4th at 196-97. The same logic applies here. Plaintiff has failed to state an Eighth Amendment claim and Count V should be dismissed.

## IV. THE TREASURER IS ENTITLED TO SOVEREIGN IMMUNITY.

Plaintiff's claims against Wayne County Treasurer, Eric R. Sabree, also are subject to dismissal because the Treasurer is entitled to sovereign immunity. Under the Eleventh Amendment, a "damages action against a State in federal court" is barred "when state officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac Cty.*, 574 F.3d 334,

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·400 RENAISSANCE CENTER·DETROIT, MICHIGAN 48243

342 (6th Cir. 2009) ("The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages."). Municipalities are not usually considered state actors, but "[w]here county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the State." *Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999).

That is the case here. Plaintiff's claims against the Treasurer center on his compliance with a statute that prohibited him from providing Plaintiff with any alleged "surplus proceeds" even if she had tried to timely claim them. MCL 211.78m(8) provides that "foreclosing governmental unit[s] *shall* deposit the proceeds from the sale of property under this section into a restricted account designated as the 'delinquent tax property sales proceeds for the year ___.'" *Id.* (emphasis added). And it states that:

> Proceeds in that account *shall only be used by the foreclosing governmental unit for the following purposes in the following order of priority*: (a) The delinquent tax revolving fund shall be reimbursed for all taxes, interest, and fees on all of the property, whether or not all of the property was sold. (b) All costs of the sale of property for the year shall be paid. (c) Any costs of the foreclosure proceedings for the year, including, but not limited to, costs of mailing, publication, personal service, and outside contractors shall be paid . . . .

*Id.* (emphasis added). The Michigan Legislature thus directed foreclosing governmental units to spend the "excess surplus" in specific ways, none of which include reimbursing the delinquent taxpayer. *See id.*

DYKEMA GOSSETT-A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

State and federal courts examining this precise issue have recognized the constraints imposed on the Treasurer. For example, Judge Friedman of this District Court stated: "It is unconscionable that the Michigan legislature has seen fit to adopt a property taxation system that not only permits but requires county treasurers to take title to real property when the taxes thereon are not timely paid and to then retain all of the proceeds obtained for the property at auction . . .". *Freed v. Thomas*, 2018 U.S. Dist. LEXIS 190424, at *5 (E.D. Mich. Nov. 7, 2018), *vacated on other grounds*). So has the Michigan Supreme Court. *Rafaeli*, 505 Mich. 429, 437 ("Michigan is one of nine states with a statutory scheme that *requires* the foreclosing governmental unit to disperse the surplus proceeds to someone other than the former owner.") (emphasis added).

In short, when enacting the GPTA, Michigan's legislature required foreclosing governmental units (like the Office of the County Treasurer) to distribute surplus proceeds in a specific way. The Treasurer did only what State law required of him, and so "by simply complying with state mandates that afford no discretion, [he] act[ed] as an arm of the State, not the county." *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 995 (6th Cir. 2019) (internal quotation omitted). Plaintiff's claims against the Treasurer thus are barred by sovereign immunity. *Id.*; *see also Ladd v. Marchbanks*, 971 F.3d 574, 579-80 (6th Cir. 2020) (federal takings claim for monetary and declaratory relief dismissed due to sovereign immunity).

The claims against Sabree are subject to dismissal for other reasons, too. Although Plaintiff recently agreed that her claims are against Sabree in his official capacity only, they still are duplicative of any claims raised against the County itself. *See* ECF No. 11, PageID.59-60 (dismissing personal capacity claims against the Treasurer with prejudice). Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978). Indeed, other courts and the Western District have dismissed County Treasurers from cases similarly critical of Michigan's previous tax foreclosure process, in both their personal and official capacities.[4]

Treasurer Sabree is not liable for the alleged violations claimed by Plaintiff, even in an official capacity, and the claims against him should be dismissed.

## <u>CONCLUSION</u>

Wayne County and the Wayne County Treasurer request that the Court dismiss all claims, for failure to state a claim, under Rule 12(b)(6).

---

[4] *See e.g., Fox v. Cty. of Saginaw*, 2021 U.S. Dist. LEXIS 6402, at *21-23 (E.D. Mich. Jan. 13, 2021); *Arkona, LLC v. Cty. of Cheboygan*, 2021 U.S. Dist. LEXIS 8202, at *10-12 (E.D. Mich. Jan. 15, 2021); *Wayside Church v. Van Buren Cty.,* 2021 U.S. Dist. LEXIS 52975 at *9 (W.D. Mich. Feb. 16, 2021); *Freed v. Thomas*, 2021 U.S. Dist. LEXIS 48524, at *11-18 (E.D. Mich. Feb. 26, 2021)*, Grainger v. Cty. of Ottawa,* 2021 U.S. Dist. LEXIS 38472, at *26-29.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ *Theodore Seitz*
Theodore W. Seitz (P60320)
Nasseem S. Ramin (P73513)
*Attorneys for Defendants*
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6800
tseitz@dykema.com
nramin@dykema.com

Dated: December 28, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2022, my assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will provide notice of such filing to all parties and counsel of record.

By: /s/ *Theodore Seitz*

MARIBEL REYES SANTANA,

     Plaintiff,

v.

WAYNE COUNTY and WAYNE
COUNTY TREASURER,

     Defendants.

Case No. 2:22-cv-12376

Honorable Laurie J. Michelson

---

## BRIEF FORMAT CERTIFICATION FORM

I, Theodore Seitz, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*/s/ Theodore Seitz*
Dated: December 28, 2022