# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARIBEL REYES SANTANA,

    Plaintiff,

v.

WAYNE COUNTY and WAYNE
COUNTY TREASURER,

    Defendants.

Case No. 2:22-cv-12376

Honorable Laurie J. Michelson

Magistrate Judge Curtis Ivy, Jr.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Plaintiff's Brief constitutes an "everything but the kitchen sink" approach, making myriad arguments seeking to distract from the following dispositive facts: her claims are untimely, the limitations period was not tolled, the claims must be dismissed pursuant to *Hall v. Meisner*, and Treasurer Sabree is entitled to immunity.

I. **THE CLAIMS ARE UNTIMELY AND THERE WAS NO TOLLING.**

Plaintiff admits that she brought her claims beyond the 3-year limitation period for § 1983 claims. She argues, however, that the limitations period did not begin to run until the date the Property was sold by the County (Response at 116) and that her claims were tolled by *Wayside Church v. Van Buren Cty.* (W.D. Mich. No. 14-01274) and *Bowles v. Sabree* (E.D. Mich. No. 20-12838). Plaintiff is wrong.

**_First_**, as explained in Defendants' opening brief, the Sixth Circuit's published decision in *Hall* clarified the timing and conduct that constitutes an unconstitutional taking without just compensation and could give rise to a cause of action: March 20, 2015 (the date of the foreclosure judgment, not the date of any subsequent sale). **_Second_**, *Bowles* was not filed until October 22, 2020, well after Plaintiff's limitations period expired already in March 2018. (Case No. ___).

**_Third_**, *Wayside* cannot toll the statute of limitations because Wayne County was not a party to that case and because *Wayside* did not raise a state-law inverse condemnation claim. As explained by the Sixth Circuit, "the tolling of limitations periods against a defendant by a class action would not apply to a subsequent action

1

against a different defendant[.]"). *Guy v. Lexington-Fayette Urban Cty. Gov't*, 488 F. App'x 9, 21 (6th Cir. 2012). Wayne County was never a named defendant in *Wayside*, never entered an appearance in *Wayside*, and has not otherwise participated as a party in *Wayside*. Instead, in *Wayside*, Van Buren County is the only "actual defendant." (*Wayside* Mot. to Consolidate at 6). A "proposed Defendant Class would have Van Buren County designated as the Defendant Class Representative," and Van Buren would serve as a class representative for other counties—including Wayne. (*Wayside*, Br. in Supp. of Mot. for Class Cert. at 1). Those other counties would then take the role of putative class members. But no class has ever been certified in *Wayside*. Thus, at most, Wayne County was only ever a *putative defendant class member* in *Wayside*. "Absent class certification, putative class members are not parties before a court." *Molock v. Whole Foods*, 952 F.3d 293, 295 (D.C. Cir. 2020); *Daniels v. Bursey*, 430 F.3d 424, 425 (7th Cir. 2005).

And, as the Sixth Circuit has held, "***the tolling of limitations periods against a defendant by a class action would not apply to a subsequent action against a different defendant***, even if the claims arise out of the same or similar transaction." *Guy*, 488 F. App'x at 21 (emphasis added) (citing *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 414 F.3d 553, 567-68 (6th Cir. 2001)) ("[C]lass action tolling does not apply to a defendant not named in the . . . complaint.").) "In short, the tolling caused by

the filing of one putative class action cannot toll statutes of limitations for claims against a different defendant in a second putative class action." *Id.*

**<u>Fourth</u>**, even if the filing of *Wayside* could toll some claims brought against unnamed parties such as Wayne County, it would "only toll [] the claims asserted in the filed class action[.]" *Id.* In other words, the limitations period may be tolled only as to claims that were actually brought in *Wayside. Id.* ("[F]iling one class action will not toll the statutes of limitations on all the claims or class actions a putative class member might have; it only tolls the claims asserted in the filed class action."). Here, the Complaint raises an inverse condemnation claim under Michigan law, whereas *Wayside* involved an inverse condemnation under only the United States Constitution. (*Wayside* Mot. to Consolidate at 6). Thus, not only was Wayne County not a party to *Wayside*, but *Wayside* did not even involve the same claims. Because the *Wayside* plaintiffs did not raise a state-law inverse condemnation claim, the state-law inverse condemnation raised by Plaintiff here was not tolled.

**<u>Fifth</u>**, and finally, even if the Defendants were parties to *Wayside*, and even if *Wayside* involved the same claims as Plaintiff raises here, any tolling would apply only to claims brought on an individual basis, and not to claims brought on behalf of a putative class. As a general rule, "[p]laintiffs have no substantive right to bring their claims outside the statute of limitations." *China Agritech, Inc. v. Resh*, 138 S. Ct 1800, 1810 (2018). Plaintiff admittedly seeks relief for claims "outside the statute

3

of limitations," relying on *American Pipe v. Utah*, 414 U.S. 538 (1974) and *Crown v. Parker,* 462 U.S. 345 (1983). *American Pipe* addressed the narrow "question of whether a litigant may intervene or file an *individual suit* <u>after</u> the class certification decision." *State Farm Mut. Auto. Ins. C. v. Boellstorff*, 540 F.3d 1223, 1230 (10th Cir. 2008) (italics added). Answering that question with a "yes," the Supreme Court held that the "commencement of [a putative class action] tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class status." *American Pipe*, 414 U.S. at 552-53. The Court later clarified that *American Pipe*'s tolling applies not just to individual class members who "prefer to bring an individual suit rather than intervene." *Crown,* 462 U.S. at 350.

But more recently, *American Pipe*'s limits have been further clarified. In *China Agritech*, the Court confirmed that (1) plaintiffs generally "have no substantive right to bring their claims outside the statute of limitations"; (2) *American Pipe* provides a limited exception to that rule, tolling the statute of limitations for class members who bring *individual suits* after the denial of an earlier-filed class action; and (3) *American Pipe*'s exception applies only to later-filed individual actions—the "[t]ime to file a class action falls outside the bounds of *American Pipe*[.]" *China Agritech*, 138 S. Ct. at 1811. The limitations period in the Complaint filed in this case, therefore, is not subject to *American Pipe* tolling. *See,*

4

*e.g.*, *Blake v. JP Morgan Chase Bank N.A.*, 927 F.3d 701, 709-10 (3d Cir. 2019) (rejecting argument that *China Agritech* does not apply when first-filed case is still pending and explaining that "***China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period**") (emphasis added). And it is consistent with how district courts in this circuit have treated identical claims. *See, e.g., Grainger v. Ottawa*, 2021 U.S. Dist. LEXIS 38472, at *44-46 (W.D. Mich. Mar. 2, 2021) (relying on *China Agritech* to hold that "Plaintiff can maintain this lawsuit for his individual claims, but he cannot seek to represent a class.")

In summary: (1) *Wayside* cannot toll the limitations period in this case because Wayne County was not a party to *Wayside*; (2) even if *Wayside* could toll the limitations period, it could do so only as to claims that were actually brought in *Wayside*, and because a state-law inverse condemnation claim was not raised in *Wayside*, the state-law inverse condemnation claim here cannot be tolled; and (3) even setting all of that aside, any tolling resulting from *Wayside* would not toll the filing of a class action complaint. *Blake*, 927 F.3d at 709-10. Thus, even if this Court were to find that tolling applies, only Plaintiff's *individual claims* could be tolled.

## II. THE INVERSE CONDEMNATION WOULD FAIL EVEN IF TIMELY.

Defendants explained that the inverse condemnation claim must be dismissed because Plaintiff lost title to the property. Plaintiff, however, mischaracterizes the argument as one of preemption – but the Court should not be distracted by this red

herring. Plaintiff goes on to conclude that "Defendants have offered no independent justification for dismissal of the claim." (EFC No. 16, PageID.122). This is false. The inverse condemnation claim fails under *Hall*, wherein the Sixth Circuit held that "the dismissal of the plaintiffs' inverse-condemnation claim [] was proper because the County has already taken title to their properties." 51 F.4th 185, 196. Such is the case here. Plaintiff does not deny that the Sixth Circuit's published *Hall* decision is both binding and applicable. And Plaintiff concedes that she lost title to the Property in March 2015, when the Treasurer received a Judgement of Foreclosure. (Response at PageID.120). Thus Plaintiff's conclusory statement that Defendants' reliance on *Hall* is "seriously misplaced" is insufficient to save the inverse condemnation claim, which should be dismissed. *Id.* at 117.

## III. THE TREASURER IS ENTITLED TO SOVEREIGN IMMUNITY.

Plaintiff does not seriously rebut or address the substantive arguments raised by Defendants regarding Treasurer Sabree's entitlement to sovereign immunity. Instead, she asserts that "the Complaint clearly demonstrates the pattern of conduct by Defendants through the policies of Wayne County and the Office of the Treasurer[.]" (Response at PageID.124). Plaintiff asks the Court to disregard well-established rules regarding sovereign immunity, but as Defendants explain in their Motion, under the Eleventh Amendment, a "damages action against a State in federal court" is barred "when state officials are sued for damages in their official capacity."

6

*Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). Municipalities are not usually considered state actors, but "[w]here county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the State." *Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999).

That is the case here. Plaintiff's claims against the Treasurer center entirely on his compliance with the Tax Act, which prohibited him from providing Plaintiff with any alleged "surplus proceeds" even if she had timely tried to claim them. *See, e.g.,* MCL 211.78m(8). *See also, Harbor Watch v. Emmett County*, 308 Mich. App. 380, 385 (2014) (explaining the process that mandates the foreclosing governmental unit to take title to foreclosed properties and noting that the "[u]se of the term 'shall' designates the actions of the county treasurer as mandatory rather than discretionary").The Treasurer did only what State law required of him, and so "by simply complying with state mandates that afford no discretion, [he] act[ed] as an arm of the State, not the county." *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 995 (6th Cir. 2019) (internal quotation omitted). Plaintiff's claims against the Treasurer thus are barred by sovereign immunity because he is not liable for the alleged violations claimed by Plaintiff, even in an official capacity.

|  |  |
|---|---|
| Dated: February 14, 2023 | Respectfully submitted,<br>**DYKEMA GOSSETT PLLC**<br>By: /s/ *Nasseem S. Ramin* |

7

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, my assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will provide notice of such filing to all parties and counsel of record.

By: /s/ *Nasseem S. Ramin*

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243